[Crim. No. 7461. Second Dist., Div. Three. Apr. 7, 1961.]

THE PEOPLE, Respondent, v. ROBERT S. SANDERS et al., Defendants; JOSE V. ROMO, Appellant.

Jose V. Romo, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

THE COURT.—Robert S. Sanders, Robert R. Flores and Jose V. Romo were accused by information of multiple offenses of the sale of heroin. Sanders was accused separately of two offenses, was accused jointly with Romo of one offense, was accused jointly with Flores of another offense and Flores was accused of a separate offense. It was alleged that Sanders had served a term for a prior felony conviction. In a jury trial Romo was convicted, was sentenced to state prison and he appeals in propria persona from the judgment. Upon his application for appointment of counsel on appeal, the matter was referred to the Committee on Criminal Appeals of the Los Angeles County Bar Association for assistance to be rendered to the court in the examination of the record for possible grounds of appeal. A report has been received from a member of the committee which contains a summary of the material evidence and states that the record contains no meritorious ground of appeal. We read the record and finding the appeal to be wholly without merit we denied the application for appointment of counsel. Romo was notified and has filed an opening and a closing brief.

Appellant urges insufficiency of the evidence to support the judgment and asserts that he did not have competent representation in the trial.

There was evidence of the following facts. Officer Nieto of the Narcotics Detail of the Los Angeles Police Department, in company with Sanders, met Romo on the street one afternoon; Sanders spoke privately with Romo for about 5 minutes and the three men walked down the street together and entered a café. Romo left after asking the other two to remain while he was gone for about 10 minutes. Nieto gave Sanders $12; Romo soon returned; Sanders handed Romo $16 and Romo handed Sanders a red balloon, and left. Sanders and Nieto stepped into an alleyway where Sanders tore open the balloon and took from it 5 capsules which were proved to contain heroin. Nieto was critically cross-examined by Romo's attorney. His testimony, including his identification of Romo, was positive and consistent.

Defendant took the stand and denied having ever· seen Nieto, or having had any transaction with him. On cross-examination he admitted having served two terms in prison, one for robbery and the other for burglary.

Sanders testified for the defense, admitting that he had participated in a sale of heroin to Nieto as described by the latter, with the exception that he identified the third partici-

pant as one Flaco, and denied that the heroin was in a balloon. He denied that Romo was present. He also testified that he had a cellophane package in his pocket containing 10 capsules and that he gave 5 to Nieto and kept 5 for himself. On cross-examination he admitted he was an addict and he also admitted that after his arrest the officers read a report to him of the transaction in question with Officer Nieto; that six times the report stated that Romo was present; that he was then asked if the statement was correct and he replied that it was. He testified ''I heard a name mentioned but I didn't pay no attention to the name. . . . I made five sales and I knew I was dead. I made five sales, you know, and they had me so I just answered 'yes.' ''

On redirect, Officer Nieto testified that Sanders, while in custody, had described a transaction in which he had participated in a sale in company with one Pelon and that it was in that transaction that Sanders had stated that he had produced a cellophane bag containing 10 capsules of heroin.

It is not for this court to weigh the credibility of Officer Nieto. His testimony was believed by the court and was ample justification for finding Romo guilty.

The contention that Romo was not adequately represented by his private counsel at the trial is wholly unfounded. He received a vigorous defense throughout, including the proceedings when probation was denied and defendant was sentenced.

We notice in the clerk's minutes that in the course of the trial the prosecutor stated that he was amending the information to charge two prior felony convictions of Romo. No amendment was filed. After the evidence was closed, the prosecutor asked leave to amend the information by alleging two prior felony convictions. The motion was denied and the court made no finding with respect to prior convictions.

The judgment is affirmed.

A petition for a rehearing was denied May 1, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1961.